**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000617
28-JAN-2021
07:48 AM
Dkt. 101 SO**

NO. CAAP-18-0000617

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
TIMOTHY J. DOWNS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(WAILUKU DIVISION)
(CASE NO. 2DTA-17-01337)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Defendant-Appellant Timothy J. Downs (**Downs**) appeals from the Judgment and Notice of Entry of Judgment, filed on July 13, 2018 (**Judgment**), in the District Court of the Second Circuit (**District Court**).[1]  Downs was convicted of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (Supp. 2019).[2]

---

[1]    The Honorable Kirstin M. Hamman presided.

[2]    HRS § 291E-61(a) states in relevant part:

> **§ 291E-61 Operating a vehicle under the influence of an intoxicant.**  (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> > (1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

Downs raises a single point of error on appeal, contending that there was insufficient evidence to convict him.[3]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Downs's point of error as follows:

We conclude that, when the evidence adduced at trial is considered in the strongest light for the prosecution, there was sufficient evidence to convict Downs of OVUII. See State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007). On October 4, 2017, Officer Aaron Williams (**Officer Williams**) was traveling on High Street toward Kuhikahi, which is a public roadway in the County of Maui, State of Hawaiʻi, when he first observed Downs driving his vehicle. Officer Williams observed Downs drive his vehicle on the double solid yellow lines in the center of the road and make a correction back into his lane of travel, but still weave back and forth within his lane. Downs then drove his vehicle over the white line on the right side of the road, made a correction, and then crossed the double yellow line in the center of the road. After stopping Downs, Officer Williams noticed Downs had flushed features, slurred speech, and an odor of an alcoholic beverage about him. Downs admitted he drank three vodka Red Bull beverages. Downs dropped some

---

[3]    In a footnote, Downs also submits that the lack of a clear definition for normal mental faculties and ability to care for the person and guard against casualty violates his due process rights, acknowledging that the issue was not raised below. Downs makes no further argument and submits no authority in support of this proposition, and we decline to engage in a plain error review here.

paperwork into his lap as he attempted to retrieve it, which Officer Williams described as fumbling due to diminished dexterity. Officer Williams stated that Downs showed six clues on the horizontal gaze nystagmus test and four clues indicates impairment. During the instructions of the walk and turn test, Downs could not keep his balance. During the walk and turn test, Downs showed five indicia of impairment. He missed heel-to-toe contact during the first nine steps, and he raised his arms, contrary to instructions. Downs stopped after a turn, stepped off the line, missed heel-to-toe contact on the second nine steps and raised his arms, which indicated he was impaired. During a one-leg-stand test, Downs swayed, raised his arms, and put his foot down; thus, there were three out of four clues indicating he was impaired. Based on his training and experience, Officer Williams opined that Downs was not able to drive a vehicle safely due to alcohol. Based on our review of all of the evidence presented at trial, we conclude that there was substantial evidence to support Downs's conviction for OVUII.

For these reasons, the District Court's July 13, 2018 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, January 28, 2021.

On the briefs:

Kevin O'Grady,
for Defendant-Appellant.

Gerald K. Enriques,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge